UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

BUY BUY BABY, INC.
d/b/a buybuy Baby on Flagler,
and FLAGLER S.C., LLC

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Buy Buy Baby, Inc. d/b/a buybuy Baby on Flagler and Defendant Flagler, S.C., LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Buy Buy Baby, Inc. (also referenced as "Defendant Baby, Inc.," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. Buy Buy Baby, Inc. is a subsidiary of Bed Bath & Beyond, Inc., which is an American chain of domestic merchandise retail stores. Bed Bath & Beyond, Inc. is a NASDAQ public company on the S&P 600 retail component.

6. Defendant Flagler, S.C., LLC (also referenced as "Defendant Flagler," "lessor," "owner," or "co-Defendant") is the owner of real property located at 8221 West Flagler Street, Miami, Florida 33144, which is also referenced as Folio 30-4003-035-0050. Defendant Flagler's real property is built out as a community shopping center. Defendant Flagler leases its mixed-use community shopping center (in part) to public accommodations including (but not limited to) Outback restaurant, U-Fit Health Club, Walgreens Pharmacy, Publix Supermarket, PetSmart (and Banfield Pet Hospital), and a hair salon. Defendant Flagler also leases a portion of its mixed-use commercial center co-Defendant Baby, Inc. who in turn operates its "buybuy Baby" brand retail store (which is the subject of this instant action) at that location.

## FACTS

7. Buy Buy Baby, Inc. is an American retail store chain that operates 135 stores across the United States and Canada under the buybuy Baby brand. Buybuy Baby brand stores sell merchandise suitable for infants and young children such as strollers, cribs, car seats and clothing. All buybuy Baby stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The buybuy Baby store located at 8241 West Flagler Street (which is within the 8221 West Flagler Street community shopping center) which is the subject of this complaint is also referenced as "buybuy Baby (retail) store," "buybuy Baby on Flagler," "(retail) store," or "place of public accommodation."

8. As the operator of retail stores which are open to the public, Defendant Baby, Inc. is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the buybuy Baby on Flagler, on May 28, 2021 Plaintiff went to the store to shop.

10. On entering the buybuy Baby store, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the retail store (Defendant Baby, Inc.) and by the owner/lessor of the commercial property which houses the retail store (Defendant Flagler).

12. Defendant Baby, Inc. is well aware of the ADA and the need to provide for equal access in all areas of its retail stores. Therefore, Defendant Baby, Inc.'s failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its buybuy Baby store on Flagler is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of a community shopping center which is operated as various places of public accommodation including as retail stores open to the public, Defendant Flagler is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Flagler is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the buybuy Baby on Flagler, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the buybuy Baby store on Flagler, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Baby, Inc. (operator of the buybuy Baby store on Flagler) and Defendant Flagler (owner/lessor of the community shopping center housing that buybuy Baby store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities,

privileges, advantages and/or accommodations at the buybuy Baby store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the buybuy Baby on Flagler.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Flagler (owner/lessor) and which houses the buybuy Baby store on Flagler (operated by lessee Defendant Baby, Inc.) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Baby, Inc. (lessee/operator), there is a lack of signage indicating accessibility at the restrooms, which is in in violation of Section 4.1.3(16) and 4.30

of the ADAAG and Section 216.6 and Section 703 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Baby, Inc. (lessee/operator), Plaintiff had difficulty using the men's restroom due to difficulty in opening the bathroom door, as it does not have the required maneuvering clearance on the pull side of the door. The lack of clearance is due to the placement of the trash can which encroaches on the required maneuvering clearance on the pull side of the door. This is a violation of Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Baby, Inc. (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the lavatory stall door without assistance, as the bathroom toilet compartment stall door does not have pull handles on both sides of the door near the latch, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §604.8.1.2.

iv. As to Defendant Baby, Inc. (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space is a violation of 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Baby, Inc. (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the

       ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

vi. As to Defendant Baby, Inc. (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance. The fact that the seat cover dispenser is mounted over the rear wall grab bar impinging on the clearance is a violation of not providing the required space. Section 609.3 of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Baby, Inc. (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted over the side wall grab bar which infringes on the required space. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

viii. As to Defendant Baby, Inc. (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide the appropriate

      knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

  ix.  As to Defendant Baby, Inc. (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

26.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a buybuy Baby retail store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the retail store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Flagler, S.C., LLC (owner of the commercial property housing the buybuy Baby retail store) and Defendant Buy Buy Baby, Inc. (operator of the buybuy Baby retail store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the commercial property and the buybuy Baby retail store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 25th day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*